NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3307
_____

BARBARA LOWE, individually and on behalf
of all others similarly situated,
                                        Appellant

v.

FBCS, INC; LVNV FUNDING, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-20-cv-02268)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 10, 2022

Before: CHAGARES, *Chief Judge*, JORDAN, and SCIRICA, *Circuit Judges.*

(Filed: January 11, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

This appeal arises from the District Court's grant of summary judgment in favor of Defendant-Appellants LVNV Funding, LLC and FBCS, Inc. (collectively, "Defendants") and denial of summary judgment for Plaintiff-Appellant Barbara Lowe. This dispute began as a debt collection action in New Jersey Superior Court initiated by LVNV against Lowe. In that case, the Superior Court entered contradictory orders: dismissing the action for LVNV's failure to attend trial but entering default judgment against Lowe. After FBCS allegedly attempted to collect the debt, Lowe initiated this Fair Debt Collection Practices Act ("FDCPA") suit against Defendants in federal court. After filing this action, Lowe obtained an order from the Superior Court vacating the default judgment against her and declaring it void ab initio.

The issue here is whether Defendants—by seeking to collect on the default judgment that was later vacated—used "false, deceptive, or misleading" representations in connection with collecting the judgment. 15 U.S.C. § 1692e. The District Court held they did not and granted summary judgment in their favor. We will affirm.

I.

In 2016, LVNV initiated a debt collection action against Lowe in New Jersey Superior Court. Lowe timely filed an answer[1] and was later notified the matter would be set for trial on October 20, 2016.

On October 14, 2016, less than a week before trial, LVNV filed a Certification of

---

[1] The parties dispute whether Lowe properly served her answer on LVNV.

2

Proof and Ownership of Account, including a credit card statement showing that Lowe owed LVNV a balance of $1,079.60.[2] That same day, however, the Clerk of the Superior Court entered default judgment in favor of LVNV and against Lowe, but the notice was not filed until November 7, 2016.

The morning of trial, LVNV submitted a letter to the Superior Court that the matter should be marked as settled. Later that day, Lowe appeared for the trial as scheduled, but LVNV did not. As a result, the Superior Court judge entered an order dismissing the case due to LVNV's non-appearance.

Two years later, on October 11, 2018, the Superior Court filed a Statement for Docketing that confirmed default judgment was entered in favor of LVNV and against Lowe on October 14, 2016.

Lowe alleges that FBCS began calling her to collect on the judgment in 2019, and that in at least one of these calls she disputed the debt. In September 2019, FBCS sent a letter to Lowe acknowledging Lowe's dispute of the debt.

In March 2020, Lowe filed this action, alleging that Defendants attempted to collect a debt they "knew or should have known . . . was unenforceable" and thus made a false representation in violation of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), (5), (10). App. 22–23.

On August 17, 2020, Lowe filed a motion in the Superior Court seeking to vacate

---

[2] Contrary to Lowe's assertion that LVNV "filed a request for default judgment" against her, Appellant's Br. 3, LVNV's October 14 filing was not styled as a request for entry of a default, and the Superior Court accurately noted it on the docket as a "Certification of Proof," App. 119.

3

the judgment entered against her and declare it "void ab initio."[3] App. 31. While the motion was pending in Superior Court, Defendants filed this motion for summary judgment before the District Court.

One year after Lowe's motion to vacate the judgment, on August 23, 2021, the Superior Court granted the motion, stating: "The Judgment entered against Defendant Barbara Lowe . . . hereby is vacated and declared void ab initio; said Judgment having been entered erroneously by the Clerk after the Court had already dismissed this case due to Plaintiff's failure to appear for trial . . . ." App. 130. Lowe then filed a cross-motion for summary judgment in the District Court.

The District Court granted Defendants' motion for summary judgment and denied Lowe's cross-motion for summary judgment. The District Court found "unpersuasive" Lowe's argument that "Defendants' efforts to collect a debt that was the subject of dismissal is improper *per se*." App. 7. The District Court reasoned that Defendants' alleged efforts to collect the debt were not false or misleading because "[e]ven though the default judgment is *now* considered invalid, the judgment nevertheless existed in 2019 when the alleged communications were made." App. 8. Because Lowe did not "allege[] that any other aspect of the alleged debt collection communications were false, misleading, or illegal" aside from arguing they were "*per se* false and misleading" because of the eventual vacatur of default judgment, the District Court granted summary judgment in favor of Defendants and denied Lowe's motion for summary judgment.

---

[3] "Void ab initio" means "[n]ull from the beginning." *Black's Law Dictionary* 1709 (9th ed. 2009).

App. 9–10.  This timely appeal followed.[4]

II.[5]

Lowe first argues the District Court's grant of summary judgment in favor of Defendants violates the *Rooker-Feldman* doctrine because the District Court "could not have reached the decision that it did without necessarily supplanting" the Superior Court's order vacating the judgment against her.  Appellant's Br. 15–16.  The *Rooker-Feldman* doctrine is inapplicable here.

"In certain circumstances, where a federal suit follows a state suit, the *Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163–64 (3d Cir. 2010).  The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  To trigger the *Rooker-Feldman* doctrine, the following four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). We have appellate jurisdiction under 28 U.S.C. § 1291.

[5] We exercise plenary review over a court's summary judgment decision and review conclusions of law *de novo*.  *Sikora v. UPMC*, 876 F.3d 110, 113 (3d Cir. 2017). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

5

court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 166).

Lowe satisfies none of the four factors. First, as Lowe asserts and as shown by the Superior Court's order vacating default judgment, she did not lose in New Jersey Superior Court. Second, Lowe's claim does not complain of injuries caused by the Superior Court's order vacating the judgment against her. Third, the Superior Court vacated the judgment after Lowe filed her federal suit. Finally, and most importantly, Lowe's suit does not invite the District Court to review and reject the Superior Court's order vacating default judgment—rather she asks the District Court to rely upon it. Reply Br. 10 ("Plaintiff presented the August 23, 2021 Order (which declared the erroneously entered judgment to be void *ab initio*) as proof that Defendants' collection efforts were improper. Plaintiff asked the [District] Court to adhere to that determination . . . ."). Accordingly, the *Rooker-Feldman* doctrine does not prevent the exercise of federal jurisdiction.[6]

---

[6] It is perplexing that Lowe invokes the *Rooker-Feldman* doctrine because—if her argument were successful—the result would be a lack of federal jurisdiction to grant the relief her suit seeks. Lowe's arguments may be best understood as based on preclusion, but because Lowe does not articulate any preclusion argument we do not consider it here. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").

## III.

Lowe next argues that the District Court erred in granting summary judgment in favor of Defendants by finding the Superior Court judgment against Lowe was "in effect . . . until such time as it was vacated," Appellant's Br. 18 (internal quotation marks omitted), rather than "*per se* not valid" when Defendants engaged in any effort to collect the debt, *id.* at 19.

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). At issue here is the fourth element: The District Court ruled that Lowe failed to establish a genuine dispute of material fact that Defendants violated § 1692e of the FDCPA. App. 7; *see* 15 U.S.C. § 1692e.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a non-exhaustive list of prohibited conduct, such as the "false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A); the "threat to take any action that cannot legally be taken," *id.* § 1692e(5); the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of . . . any State," *id.* § 1692e(9); and the "use of any false representation or

7

deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10).

Lowe argues that Defendants' alleged attempts to collect on the default judgment in 2019 are per se improper because the Superior Court, two years later, vacated the default judgment and declared it void ab initio. Because "void ab initio" means "[n]ull from the beginning," *Black's Law Dictionary* 1709 (9th ed. 2009), Lowe argues the default judgment order should be treated as if it were never in effect and "*per se* not valid" when the debt collection efforts occurred. Appellant's Br. 19. Because the default judgment was not in effect, Lowe argues, "it necessarily follows that Defendants attempted to collect on a debt that was not authorized at law." *Id.* at 20.

The District Court correctly determined that Lowe failed to show there was a genuine issue for trial that Defendants violated § 1692e based on the Superior Court vacating its default judgment order. Although the Superior Court eventually vacated and declared void ab initio the default judgment order after Lowe filed this action, the default judgment order was in effect when Defendants allegedly attempted to collect. If Defendants attempted to collect on the default judgment prior to the Superior Court's vacatur order, such action would not misrepresent the "legal status" of the judgment, 15 U.S.C. § 1692e(2)(A), or constitute a "threat to take any action that cannot legally be taken," *id.* § 1692e(5), because judgment was entered against Lowe at the time of the alleged communication. And if Defendants referred to a copy of the Superior Court's default judgment order in 2019, it would not have "falsely represented to be a document authorized, issued, or approved" by the Superior Court because, at the time of the communication, the default judgment order was an order issued by the Superior Court.

8

15 U.S.C. § 1692e(9). Lowe failed to present a triable issue that any communication from Defendants to Lowe regarding the collection of the default judgment was made unlawful retroactively upon the Superior Court vacating its default judgment order.

Aside from arguing any past communications regarding collection of the debt were per se improper once the Superior Court vacated its default judgment order, Lowe offers no other basis for finding a FDCPA violation. Accordingly, the District Court correctly concluded that Lowe failed to show there was a genuine issue for trial on Defendants' violation of the FDCPA. We will affirm.[7]

## IV.

For the forgoing reasons, we will affirm the District Court's denial of Lowe's motion for summary judgment and grant of summary judgment in favor of Defendants.

---

[7] Defendants separately argue that Lowe lacks standing and that Lowe failed to produce evidence of any actionable communication by Defendants within the statute of limitations. Because the District Court did not analyze these issues, it is not necessary for us to reach them, and we do not discuss them here. *See O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 763 n.3 (3d Cir. 2021) ("[A]s a court of review, not of first view, we will analyze a legal issue without the district court's having done so first only in extraordinary circumstances." (internal quotation marks and citation omitted)).